*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1063
A16-1064**

In re Resolutions Relating to the Termination and
Non-Renewal of the Teaching Contracts of
Carol Grzybowski and Heather Mignone, Probationary Teachers.

**Filed February 21, 2017
Affirmed
Bjorkman, Judge**

Independent School District No. 276

Justin Cummins, Brendan D. Cummins, Cummins & Cummins, LLP, Minneapolis, Minnesota (for relators Carol Grzybowski and Heather Mignone)

Gregory S. Madsen, Adam C. Wattenbarger, Kennedy & Graven, Chartered, Minneapolis, Minnesota (for respondent Independent School District No. 276)

Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

By certiorari appeal, relators challenge respondent's decisions to not renew their teaching contracts. We affirm.

## FACTS

Respondent Independent School District No. 276 hired relators Carol Grzybowski and Heather Mignone as probationary teachers for the 2014-15 school year. Grzybowski

worked as a guidance counselor at Minnetonka High School and Mignone was a special education teacher at Minnewashta Elementary School. Relators previously worked for more than three years in other districts and achieved continuing-contract status.[1] Before the end of the school year, relators' respective principals inquired whether they were willing to continue their probationary contracts for the 2015-16 school year. Both Grzybowski and Mignone responded affirmatively, and confirmed their agreements in April 2015 via e-mails to their principals. The Minnetonka Teacher's Association president and a school district representative signed agreements extending relators' probationary periods for a second year.

At its May 5, 2016 meeting, the school board passed a resolution to terminate and not renew the contracts of relators and three other probationary teachers. Prior to the meeting, counsel for relators provided written argument and copies of relators' e-mail communications in opposition to the school board's proposed action. On May 6, the school district informed Grzybowski and Mignone of the board's action. Relators each appealed, and this court consolidated their appeals.

## D E C I S I O N

We review school-board teacher non-renewal decisions by writ of certiorari. *Dokmo v. Indep. Sch. Dist. No. 11*, 459 N.W.2d 671, 673-74 (Minn. 1990). Under this deferential review, we will only reverse a school board's determination if "it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or

---

[1] In Independent School District No. 276, continuing-contract status is equivalent to tenure.

based on an error of law." *Id.* at 675. "Substantial evidence is: 1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2. More than a scintilla of evidence; 3. More than some evidence; 4. More than any evidence; and 5. Evidence considered in its entirety." *Kelly v. Indep. Sch. Dist. No. 623*, 380 N.W.2d 833, 836 (Minn. App. 1986) (quotation omitted). Determination of a teacher's employment status under the applicable statutes is a question of law that we review de novo. *Flaherty v. Indep. Sch. Dist. No. 2144*, 577 N.W.2d 229, 233 (Minn. App. 1998), *review denied* (Minn. June 17, 1998).

Minn. Stat. § 122A.40 (2016) governs the terms and conditions of teaching contracts. The first three consecutive years of a teacher's first teaching position (or the first year of a teacher's subsequent employment) is a probationary period of employment. Minn. Stat. § 122A.40, subd. 5(a). During this period, a school board has discretion to renew or not renew the teacher's annual contract. *Id.* But a "teacher who has completed a probationary period in any district, and who has not been discharged or advised of a refusal to renew the teacher's contract under subdivision 5" is entitled to a continuing contract. Minn. Stat. § 122A.40, subd. 7(a). A teacher may waive her right to a continuing contract so long as the waiver is intentional and voluntary. *Lucio v. Sch. Bd. of Indep. Sch. Dist. No. 625*, 574 N.W.2d 737, 742 (Minn. App. 1998), *review denied* (Minn. Apr. 30, 1998). Intent need not be express; it may be inferred from conduct. *Flaherty*, 577 N.W.2d at 232.

Relators argue that they did not waive their rights to continuing contracts by asking the principals to extend their probationary status and that the school district's 2016 nonrenewal decision violated section 122A.40. We address each argument in turn.

3

**I.** **Relators waived their rights to continuing contracts by asking their principals to extend their probationary status for a second year.**

Relators first argue that their written requests to extend their probationary period for the 2015-16 school year do not evince the intent to waive their rights to continuing contracts. We are not persuaded. Grzybowski's e-mail to her principal stated, "I would like to ask for a second year of probationary status for the 2015-16 school year to continue my growth." The subject line of the e-mail—"Tenure status"—demonstrates Grzybowski's knowledge that her request would impact her right to a continuing contract. Mignone's initial e-mail communication did not mention her probationary status. But, at human resources' request, Mignone sent a second e-mail clarifying that she wished "to extend [her] probation for an additional year." As experienced teachers who had previously achieved continuing-contract status in other school districts, relators understood that their actions would extend their probationary contracts for another year.[2] And neither questioned why she was treated as a probationary teacher in evaluations throughout the 2015-16 school year. Substantial evidence in the record demonstrates that Grzybowski and Mignone intended to waive their anticipated continuing-contract rights when they requested a second year of probationary status.

Next, relators contend that their requests for second probationary contracts were not voluntary because their alternative was losing their employment with the district altogether. We disagree. Because relators had not, in April 2015, completed their probationary period,

---

[2] Relators acknowledge that teachers and school districts may agree to extend a probationary contract without violating section 122A.40.

4

the school district was not required to renew their teaching contracts. Minn. Stat. § 122A.40, subd. 5(a). The fact that the school district offered relators a chance for another year of probation, rather than not renewing their contracts, does not evidence coercion or compromise the purpose behind the statute. This case is not like *Perry v. Indep. Sch. Dist. No. 696*, 297 Minn. 197, 207, 210 N.W.2d 283, 290 (1973), on which relators rely. Perry agreed to teach on a substitute basis for a second year until the school district found a more "suitable" candidate. The school district told Perry that it did not offer regular contracts to married women. The supreme court declined to construe Perry's agreement as a valid waiver of her continuing-contract right, stating that the district "appears to have utilized this device solely to avoid giving tenure to married women in circumvention of Minn. St. 125.12." *Perry*, 297 Minn. at 207, 210 N.W.2d at 290. While relators may not have liked the choice with which they were presented—teach under a second probationary contract or leave the district—it does not follow that the school district coerced their agreement. And, as noted above, agreements to extend a probationary term do not violate section 122A.40. On this record, we conclude that ample evidence establishes that relators voluntarily waived their rights to continuing contracts.

## II. The school district did not violate Minn. Stat. § 122A.40.

On May 5, 2016, the school board elected to not renew relators' contracts. At that point in time, relators had not completed their second probationary period. The school district had discretion to renew or not renew relators' contracts. Minn. Stat. § 122A.40, subd. 5(a). Accordingly, the school district's nonrenewal decisions did not violate section 122A.40.

In summary, substantial evidence supports the school district's implicit finding that relators were probationary teachers in May 2016. Because relators did not have continuing-contract rights, the school district did not err or act in an arbitrary fashion when it declined to renew their contracts.

**Affirmed.**